Milligan v. Geico C. v. Geico Mr. Goldfein, you've got 10 minutes, but you've reserved 3 minutes for rebuttal. One second. May it please the court, Dan Goldfein, the law firm of Dickinson Wright v. Geico General. I will focus on the key issue that is the same for all three plaintiffs in both Milligan, as the court noted, and C. as well, and try to avoid duplication in the two arguments. The rulings by the district courts that the 60-day clock in the parties agreed upon appraisal clause starts when Geico General pays an insured's loss is the key legal issue. Both district courts erred by first speculating that these three insureds must have submitted the sole and only proof of loss because Geico General had paid the total loss portion of their claims. Is it your view that the insurance company, the carrier, can pay a claim without a proof of loss? In how claims are handled currently, they are often paid without a proof. The policy requires notice, it requires proof of loss, and it permits an appraisal where there's a dispute over loss, the amount of loss. And so I'm trying to figure out, would a payment be made? Can a payment be made without notice? In practice, a payment, not without notice of the claim, but without the proof of loss, that in fact does take place in a total loss. What do you mean by proof of loss? Because I don't see it defined in the policy. I thought usually proof of loss you send in a police report or something, right? What is the proof of loss? Proof of loss in some instances can be the police report, in some instances can be the cars. It really, as the courts in SR International and Dwayne Reed address, it depends on the context of the claim. But here there's no particular definition. There is no definition in the policy of proof of loss. So why is it that you would have paid? How is it that you could have paid without having had some proof of loss? I mean, presumably you sent an appraiser out to look at it or something and figure out how much the car, that it was totaled, that it was mangled or something, and figured out that it was going to cost too much to fix it. So as the record is in both of these cases, there was a notice of claim. The adjuster, as you pointed out, looked at the vehicle. It was declared a total loss in both cases. A CCC report was generated in both cases. There was an estimate the CCC report was made available to all three insurers. So what more could have been required for a proof of loss that would have been, that somehow, the suggestion has to be that whatever happened was something short of a proof of loss. All that stuff you described falls short of a proof of loss. So what is the more that would have been required to constitute a, quote, proof of loss? In the context of the appraisal clause, there has to be something more that disputes the amount of the loss. No, no, no, different things, right? What's the proof of loss? You're kind of mixing the concepts, too, because appraisal here, you can, everybody can have an appraisal, but when we're talking about appraisal, it's a term of art meaning a form of binding arbitration in which each side picks an appraiser, and if they don't agree, you pick an umpire. But that doesn't mean that either side couldn't have just an appraiser go out. Having an appraiser is not the same as, I think we're using appraisal in quotation marks as binding arbitration, but that's different, right? Well, it is different, but in the Milligan case, in Milligan 1, this appraisal clause was ruled to be an arbitration subject in the Federal Arbitration Act. In the context of the appraisal clause, the proof of loss there has to reflect some dispute over the factual amount. Otherwise, it's not sensible. Well, but maybe you wrote something that's not sensible. To you, I mean, maybe. Contracts aren't always sensible. I mean, maybe it was stupidly drafted, and we have to interpret it against the drafter. And if it says you've got to file it within 60 days of proof of loss, maybe the dispute's going to come up afterwards, and that was a really dumb clause to write. If there's a dispute, and the proof of loss has been discussed in the Duane Reade case and the SR International case cited in our briefs explains the proof of loss is depending on the context. If the proof of loss had raised the dispute, the clock would have started. The first clause there, you're reading out of the first clause. So the dispute could arise two years later, and then the whole 60 days after proof of loss, you're reading out of the contract. No, two years later, we would have 60 days if we disputed or the insured disputed. So now you're saying 60 days after the dispute arises, not after the proof of loss. It's both. It's after the dispute. It doesn't say that. It doesn't say you may file it 60 days after proof of loss or dispute, whichever comes later. You can say that. Again, you're assuming there's only one singular proof of loss. For example, in a partial loss, there are supplements that occur repeatedly, and each of those are treated as separate proofs of losses and are paid or not paid depending on the time. So you get an initial- Can I give an example? Sure. Like the car is totaled, but then also there's a proof that someone was injured and that wasn't reported initially? To be fair, the bodily injury portion of the claim doesn't have the appraisal clause, so that wouldn't be a fair description. But let me do the partial loss example with the supplements. So the car comes into the shop. They start the repair. They do an estimate. That estimate gets approved. GEICO pays that estimate. They start repairs. They do a teardown. In that teardown, they discover more damage. They'll do a supplement estimate, present that to GEICO as a proof of loss. GEICO will pay that. That can occur five, six, seven times, I've seen in my career representing GEICO General. So those are separate proofs of losses, which would start a separate clock. For example, if GEICO said no on the third proof of loss, the insured at that point in time could choose. I mean, the binding arbitration provision, the appraisal clause, benefits them. They could choose appraisal at that point. But the proof of loss has to be filed within 91 days of the loss, right? But they have to know about- Is that right or wrong? There's a provision in the contract that says that the proof of loss has to be filed within 91 days of the loss. But if they've been paid on the claim, why would they submit the proof of loss? Well, I mean, here's the question. If a proof of loss is filed 95 days after the loss, then under the terms of the policy, they're out of luck, right? They could be out of luck, but in the- They could be out of luck. They could be out of luck because GEICO would- They're going to have to perform their duties under the policy. Absolutely, but in almost every circumstance of both a total loss and a partial loss, there will be a payment made prior to a form of a proof of loss in the way that losses are adjusted under the contract. So we could not retract that money because they didn't later provide the proof of loss that was required under the contract. Does the proof of loss have to take the form of a dollar amount? Or why can't the proof of loss be, there's my car. You see it's flat. In the context of- When the building fell on it, isn't that a sufficient proof of loss? It is sufficient proof of loss to start the process, but in the context of triggering the appraisal clause, there has to be a dispute over the factual amount of the loss. Well, is there even a factual dispute now over the amount of the loss? And it seems to me that the dispute here was over the meaning of Regulation 64. It seems to me, at least at this point, that there may be no disagreement as to what the inputs are for calculating a loss under Regulation 64. Once the legal issue was resolved in Milligan 1 and Milligan 2, the parties still remain in dispute over the amount of loss. So what are you asking for and what are they asking for? Well, we believe that we still have paid them the correct amount under the policy. Okay, but they initially, in Milligan 2, said that it should be the sticker price, right? That's what they were saying was what they ought to be paying. And the panel said, no, that's not right. But it's now been remanded to the district court to determine what is the replacement value consistent with Regulation 64, right? They have to prove that we underpaid the amount consistent with Rule 64 per their breach of contract claim. That is a factual dispute over the amount of loss. I don't think there's even a dispute on that yet. I mean, you may all agree what that number is. It's less than the sticker price, but it's surely higher than what you guys were arguing, which was that it's the replacement value of a comparable used car. Without due respect, I disagree. We have not yet seen the number. No, that's what I mean. You haven't yet seen it, so you don't even know that there's a dispute. They might accept the view of your appraiser. Our adjuster, they might accept the view of our adjuster. If it went to appraisal, they may accept our appraisal. We may accept their appraisal, or we will accept the umpire's. Is the deductible on this policy? I'm sorry? What is the amount of the deductible on this policy? 500. I believe it's 500, Your Honor. 500? On the million policy. Okay, so you paid 46. She bought it at 51.4. So it's a difference between 46 and theoretically 50, 50,000. It's $4,000, and then there's also an allowance for the amount of mileage.  What's the extent allowance on mileage? I don't know, Your Honor. I apologize. But I will say that Milligan, too, said it wasn't the sticker price for the vehicle or the price that she paid. It's the current price at the time of the claim that was the price. That's not been determined here. Plaintiffs have not asserted a number that's more than. Right, so why do you insist that there is a disagreement over the amount of the loss? It seems to me if your argument is up, there's got to be a disagreement, and there's got to be the proof of loss. Those are the two things that trigger a 60-day window to demand an appraisal. In filing the claim, they've said we underpaid them. So that is implicit, a statement of a dispute over the factual amount of the loss. You definitely underpaid them, right? I mean, according to what Milligan, too, says. No. That's what your theory of payment was before, isn't it? I don't know that, and this court doesn't know that. I agree we used the wrong calculation, but the amount that they came up with may be more than how much we paid. And the law, as Milligan, too, resolved. I mean, Milligan, too, says something. It may well be the case that the MVR did, in fact, wind up yielding the reasonable purchase price of a new identical vehicle. But we just don't know yet because you've got to do the calculation the correct way. And maybe, I think our opinion said, maybe you wind up at your number. Who knows? But you followed the wrong algorithm to get there. So we can't say, based on this record, whether that's true or not, right? I agree, Your Honor. But the plaintiff has disputed the amount of the loss. He's not put an amount in his complaint, but he has disputed the factual amount of loss. That triggers the if language in the appraisal clause. And we clearly demanded appraisal within the 60-day limit after that if language. After? After the dispute that was, the factual dispute that was raised. So is there any case in which a civil complaint has been found to be a proof of loss under the policy? Under the GEICO policy? I can't point to a case under the GEICO policy. There are other circuits and other districts that have treated the complaint to be triggering the proof of loss being the last date. Go ahead. Well, I mean, look, what the district court concluded basically is that when you look at the policy, it lays out in order what has to be done. It has an obligation to file a notice, which you acknowledge pretty much is a prerequisite to a payment. There's an obligation or a duty to file a proof of loss. And only after that in the policy does the payment happen. Well- Do you agree with that as a matter of just sort of where it lines up in the policy? I agree that that's how it lines up in the structure of the policy. But as a practical matter, that reads out the if language of the appraisal clauses. If a dispute arises as to the amount paid, the proof of loss in that, and then the 60-day clock starts on the proof of loss. Raising that dispute in writing would amount to a different proof of loss, similar to the supplement analogy I gave you. No, but the insured's duty in the event of loss. It doesn't turn on whether there's a dispute. They don't have a – if there's a dispute, you have to file a proof of loss. No, they have to file a proof of loss, right? And they – in this – in all three plaintiffs involved here, there was notice of the claim and there was payment. The notice was treated as sufficient. You're saying there was no proof of loss. I mean, I just want to be clear on this because you're basically saying we should be remanding so we can take discovery and get some extrinsic evidence on whether there was a proof of loss file. And if you don't have a good faith basis to say that, if you really don't have any reason to think that there wasn't a proof of loss here, it seems to me that's sanctionable. Excuse me, Your Honor. The record is clear. There – the proof of loss was constructed by implication by the district courts, by the magistrate, on the basis of payment. I'm asking a different question. You seem to be suggesting that if we go down – if we remand this and you go back to the district court and you get discovery, you're going to – which is strange to me since you're the carrier. You presumably would know whether you got a proof of loss. But you seem to be suggesting that no proof of loss was filed in this case. There was a notice of claim in all three places, but we don't have a proof of loss that would envision an amount of loss presented by the plaintiffs. So what does that mean? I mean my car was totaled a couple years ago. I didn't send something to the insurance company saying my car has been smushed and this is exactly the dollar amount you owe me. I said my car has been smushed. If you disputed the dollar amount that was offered in the – as a result of that. But then you're suggesting that there will never be a proof of loss unless it's disputed. You're saying that most cases – I imagine most cases aren't disputed. Somebody says my car has been crushed. And then the insurance company comes and they look and they evaluate and they pay a check. You're suggesting that in all those circumstances nobody's ever given you a proof of loss even though it's the term of the policy saying we don't have to pay you unless there's a proof of loss. But you seem to be suggesting that there will not be a proof of loss unless there's a dollar amount specified in it or the insurer is actually disputing the amount that you've come up with. Is that correct? Am I correct? Mostly correct. In the normal process – So you're saying – hang on. And then I'll let you – you're suggesting that in most cases insurers don't file a proof of loss. You just pay out anyway. When the total car is inspected and they've been given notice of the claim that they need to come and inspect the total loss, in most instances there's no written proof of loss presented. The contract says there's an insurer's duty to file with us within 91 days after loss a sworn proof of loss including all information we may reasonably require. So it doesn't define what a proof of loss is, but it puts it on GEICO to determine what is required. And in the typical – and in these three cases, there was a notice of a totaled vehicle. GEICO sent an adjuster down. The adjuster looked at it. The adjuster interviewed the insurers. The adjuster arranged for an estimate of the value. The adjuster then engaged in a discussion or negotiation about the value. The adjuster must have understood there was an agreement because they wouldn't have made it a payment at that point, and they made a payment. But the written proof of loss that fits your description, Your Honor, was not presented in these cases. Where does it say the policy has to be a written proof of loss? If I come and I show you my car and say, here's the proof, look, it's a mangled piece of metal. It sounds like proof. If you had a policy provision that said you shall file a proof of loss and it shall constitute a sworn declaration on form 82Z, then we would have something in the policy saying, well, you didn't file 82Z, so I guess there's no proof of loss. But you didn't define it. And now somebody is proving to you my car has been lost. How is that not a proof of loss? It's a proof of loss, but not disputing the amount. And again, the appraisal clause requires both a dispute. OK, but see, now you keep mixing two concepts. You keep mixing two concepts. You're saying it is a proof of loss, yes. But the appraisal, the binding arbitration clause we're referring to as the appraisal clause, is not triggered solely by proof of loss, but also by a second thing, which is a dispute over the price. I get that argument. But you keep trying to merge it back into saying, and therefore there was no proof of loss. Those are two different things. Well, I'm dealing with the construct that the district courts for all three insurers in both cases apply. Yes, but I think she's saying, A, there was a proof of loss, because there must have been, because you paid it out. And you obviously had enough information, so you paid it out. And B, we don't agree with your construction of the contractual term, along the lines of which you suggest there must be not only a proof of loss, but also a dispute over the payment. And she says, well, that's not true. The only condition is that there's a proof of loss, and the only logical inference from these facts is that there was one. That's a different argument from saying that there was no proof of loss. I agree that that's a different argument. I don't dispute that. But I, again, point the court to SR International and Duane Reed, which we've addressed at length in our briefs. But those are cases that were prepayment cases, right? I do not understand that those were prepayment cases. I understand that there were multiple proofs of loss in one of the two cases, a 30-month process for the proof of loss. Okay, but certainly, well, they didn't have the same 60-day requirement that exists here. One of them had a reasonable time, right? I would agree that both was within a reasonable time. But both of those cases- Within a reasonable time or any time. But it said within 60 days after proof of loss is filed. And I will say that with the exception of the Greenberger case out of the northern district, no court has ever interpreted that to eliminate the obligation to raise the dispute, which would start a new- I believe the court is assuming that there's only going to be one proof of loss. As I explained in the supplement analogy, there can be multiple proofs of loss reflecting amounts owed. It changes, and again, in the supplement case, the insured could lose their right to raise the appraisal. Again, here, as is discussed in length in the Duane Reed and the SR International, context dictates the nature of the proof of loss. The proof of loss in this instance has to reflect a dispute to trigger the clause. The proof of loss is in section 6, insurance duties in the event of loss. Is there anything in there that suggests the proof of loss has to identify a dispute? Is there anything in that provision? No, there's nothing in that provision that reflects- The clause just says that if we don't agree on the amount of loss, then either side may demand an appraisal within 60 days after proof of loss is filed. Proof of loss is just what starts the clock. It's not a requirement. It's just the period that-it's just a thing that happens that triggers the clock, isn't it? The if language is what's triggering the clock. If you read it as just solely the 60 days, again, that would put GEICO into a Hobson's Choice to basically insist on demanding appraisal before there's a dispute. But that's just a bad contract, right? Yeah, your Hobson's Choice is just write a contract that says we may at any time demand an appraisal, right? Certainly, it could have said that at any time. Whether it got approved- It's the same clause that has been the subject of another court saying basically, you know, you've got a problem with this, you can fix this. Yeah, it's 17 years in a case that's not been cited by any other court, and no other court dealing with this clause in any of the states has ever ruled that the proof of loss language is not taken within the context of a dispute. What does that mean when it's not taken within the context of a dispute? That means that they have to, in their proof of loss, some way, shape, or form, like an e-mail, that would say we dispute the amount of the loss. What is your textual basis for that? Just go back to the past. Because the first language in the policy in the section dealing with the appraisal clause says, quote, if GEICO General and the insurer do not agree on the amount of loss, end quote. That provision is being read out. No, it's not being read out. If you disagree, then either party can demand an appraisal, but it can only be within 60 days of the proof of loss being filed. The proof of loss presumably predates the disagreement. Again, where I'm disagreeing with you is you can have multiple proofs of loss. Where does it say that in here? It just says proof of loss. It doesn't say that you can't have multiple proofs of loss. There's no proof of loss of a car being totaled. There's no multiple proofs of loss here, are there? Well, if there's a dispute over, for example, there could be a dispute over what additions were added to the car that the GEICO adjuster missed, and that after the payment was made, the insurer raises the issue more than 60 days later, hey, GEICO general, you missed the tunnel cover that I put on the vehicle, and given that amount. If you have built into the policy, what is it? Proof of loss has to be filed within 90 days of the loss. So you would have a third? So that means that by definition, if it's got to be a proof of loss, and anything after 91 days is not a proof of loss, and then you have 60 on top, that means there's a 150-day window after, if my math is right, which is dubious, but 150 days after the loss, beyond which you can never invoke this clause. Well, I think under the inter- The proof of loss has to be filed no later than 90 days or 91 days, whatever it is, and then there's maximum 60 days to dispute it. Under the interpretation of this court, basically, GEICO and the insurer would have to guess that there's going to be a future dispute over the amount. Yeah, if you want to go to binding arbitration, because that's the way you wrote the policy. Because you could easily write a policy that says proof of loss within this date. If there's ever a dispute over how much we owe, we have this binding arbitration. Easy. But you wrote a 60-day timer into it. I don't believe it's as easy as writing that. We have to get the policy approved in nearly each and every state. Well, we've gone way over. By the way, some of this may save us in the back end. We'll hear now from Mr. Alton. Good morning, Your Honors. May it please the Court. And I'm sorry if I can't see who's speaking to me. I'm almost blind, so you'll have to forgive me. Your Honors, I want to address a question that you had asked about how much was the reduction per mile. It's $0.52 a mile, I believe, for that particular point in time. And Your Honor just hit the nail on the head. These cars are totaled. Milligan's car was totaled. The putative class was about vehicles that were totaled. There aren't these multiple losses. But one thing Brother Counsel didn't tell you about is that Ms. Milligan, long before this complaint was filed, told GEICO there was a dispute over the valuation. And I know this personally because I'm the one that did it. Does it matter? I'm sorry? Does it matter? Well, but the point is then the 60-day clock starts at that point. Well, that may be. But he's asking us to remand so that we can figure that out for each of the three plaintiffs to see if there was a proof of loss, and if there was a dispute. It seems to me that policy doesn't require that. Do you want us to go back? No, I really don't, and I don't think that you do. The other issue is you're trying to make this a class action, right? Correct. And it seems to me that if this were only fussing over whatever it is, $2,000, $3,000, presumably we wouldn't be battling this all out here in front of us. You guys would have worked something out. If we were to follow up on your suggestion that it doesn't matter, we don't need to figure out when, what a proof of loss is or whether one can infer proof of loss from the payment, because if we assume that your email to GEICO claiming it ought to be the sticker price constitutes a dispute, is that necessarily going to be a fact that's common to everybody in a disputative class, that somebody is sending an email disputing it, and all of a sudden we're just sort of assuming away the legal interpretation, and you kind of become a class of one. Well, but there is a different issue here, because Brother Counsel concedes that GEICO used the wrong mechanism for calculating the loss here. He conceded that. GEICO doesn't dispute that. So tell me how, if this case, you prevail here, let's assume that. You go back, what happens? You have a litigation in federal court as to how much more than $46,000 should have been paid for this car? Well, it's plaintiff's position, Your Honors, that the- That's what I'm asking. Yeah, it's our position that absent expert proof, the reasonable purchase price starts at the sticker price. The sticker price. Starts at the sticker price. Now, Ms. Milligan, one month before her loss, paid the sticker price for the vehicle. But isn't that, I think the question is, on remand, I assume each of you is going to come up with an expert, and I assume each of your experts is going to be an appraiser, and rather than going to binding arbitration, where if they disagree, you go to an umpire appraiser, the idea is that the district court is effectively going to be the umpire appraiser. Look at the two appraisals, figure out which one follows the methodology more faithfully, and based on those two, we'll either pick the more sensible one or come up with a third answer. Is that effectively what happens on remand? I think so, your honors, and I think that the court can set, from a class perspective, the court can set the formula. I mean, I don't think anybody would dispute anybody who's going to value these vehicles. The court sets the formula. The court, well- Then what happens? Then is it implemented by appraisers? Or is it implemented by, I'm just wondering here, if we have 1,000 cases in which this district judge is going to be looking at affidavits on the reasonable purchase price to that insured on the date of loss with respect to that vehicle, you're going to have trials on this? In federal court? I don't think you need to, your honors. Then tell me what happens. Because I think the court can say, I want to hear from the parties, what is a reasonable calculation of how to determine? With respect to each car. With respect to each car. So, for example, there's no question that the starting point is the manufacturer's suggested vehicle price. I don't want to get into the value of this car or that car. I want to get into the procedure. I'm talking about the procedure. What you're advocating is that this trial judge shall sit. If you prevail, only your class claim shall sit and decide, have this little appraisal process for all of these cars. I don't think that's necessary. I think what the court can do is say that starting from the sticker price, there is an adjustment that is a fixed amount based on testimony from the experts. Who might say, and I'm just making this up, and I'm not saying that this is true. Who might say that within one month of the end of the model year, there's a 3% reduction? Yeah, but that only works if you start with the manufacturer's suggested retail price, which I think we've already said is not where it starts. It starts with the purchase price, which is the reasonable purchase price to the insured on the date of loss of a new identical vehicle. Right, which is going to start with- If people paying the manufacturer's suggested list price, that may not even be a reasonable price, since nobody except for cars highly in demand will ever pay that. Some people pay more. But I think experts could come in and say that on average, and we're dealing, we have to deal with averages. On average. Can say on average, a vehicle within one month would sell for 5% less than the- But that's not true. I mean, it varies over time, right? Well, that's what I said. Within one month, within two months, they could say- Hang on. Counsel. Sorry. Counsel, I'm sorry. Let me get my sentence out, and I'd be delighted to hear your answer. My impression is that car prices have fluctuated greatly over time, right? So during the pandemic, they were sky high and selling close to sticker. At other times, they sell at tremendous discounts to sticker. So I thought the whole point of the appraisal here or of the formula adopted by Regulation 64 is that we're trying to figure out how much a car would have cost on the date of the accident, right? The date of the loss. Correct. And so I guess I'm not sure how you could then say there's an average, because this is a class now that extends presumably over several years, in which some cars were selling close to sticker, other cars of different makes and models were not close to sticker. I guess that is sort of where I'm going, is how can you suggest that there would be sort of a fixed discount if the whole point is that it's supposed to be sort of an individualized analysis of a particular car and a particular model at a particular time? I hear you, Your Honors, but we start with the problem here that I could use the wrong formula. They did it the wrong way. I get that.  They shouldn't be rewarded. Our question is how do they do it? Given the variables among all these cars over time, what is the district court going to do? And I am suggesting to you that I think the idea of an average discount from sticker sounds implausible. Do you have some other version that you're going to put forward, or are you just going to say let's just get a whole bunch of experts and then we'll figure out what they say? I think there will have to be some expert testimony. But, Your Honor, you're ten steps ahead when we start talking about class certification where we haven't even – I mean, this case is nine years old. We haven't taken the first deposition or had the first document produced. Well, there are also defenses that have been asserted. I understand. That might still be valid. It might still be viable. I understand, but that's not really what's before the court. The real question is, number one, was an appraisal necessary? And the whole concept of an appraisal doesn't really make any sense. The car is totaled. Looking at the car, they agree the car is totaled. And for them to suggest there's no proof of loss – If there was 100,000 miles on that car, then an appraisal would make a great deal of sense. No, it wouldn't, because Regulation 64 says you do something different. It says it's the reasonable purchase price of a new vehicle less the deductible – With an allowance for depreciation. Less $0.52 a mile. With an allowance for depreciation. But that takes the depreciation into account, but not a valuation performed by somebody. Regulation 64 says if you've got 100,000 miles on it, you're going to deduct $52,000 off that first number. It's crystal clear. You know, if your position is you start at the manufacturer's suggested list price, then we will be issuing Milligan 3, and there will be a Milligan 4 and a Milligan 5 in this court. Let me ask you this. You're faulting – you're saying that because GEICO paid $46,000 without – just by looking at the car, that they have waived their right to the extent it exists under the contract to get a proof of claim, correct? No. A proof of claim was filed. They got it themselves when they went to CCC, which was their – Wait, wait, wait. The proof of claim, is it written, or is it the car itself? It's the proof of claim because before they paid a penny out – In what form did the proof of claim – They commissioned a report by CCC who went and analyzed the – But that's what they did. Right, but that's their proof of loss, and they paid basically. That's not your client's proof of claim. How would my client possibly – they're not the insurance company. How would they possibly value the vehicle? The insurance company goes out, their standard procedure is they went to CCC – Let's go back to my question. Your position is that it must be assumed that there was a proof of claim – Proof of loss? Proof of loss. A proof of loss if the insurance company paid, correct? No. What I'm saying is the insurance company went and got a written 20-page report that analyzed everything with the vehicle. Correct, and they paid the claim based upon the report they themselves generated. What more do they need? And therefore you're saying that there's no proof of loss required to be filed by your client. Correct. So you're saying there's no occasion for a dispute to arise there. Yes, there is because they used the wrong way of calculating the loss. There's a big problem here if the insurance company promptly pays. Right. They just go and they look at the car, and it's flat, and they pay $46,000. Your view is, well, in that case, they have satisfied themselves, but that doesn't mean – that means you can raise an issue later without filing any formal document asserting a dispute. Except that a formal dispute was filed. And it was filed. It was specifically raised when it was found out by Ms. Milligan that they had only paid her $46,000. I personally contacted GEICO and said Regulation 64, which, by the way, they cite to in their reports from CCC, which they provided to Ms. Milligan, they cite to Regulation 64. I went to Regulation 64 and said, you didn't calculate this the right way. So they were put specifically on notice that they used the wrong formula from the first day. Now, all the other people in the class, they're not aware that GEICO systematically used the wrong formula. There's a discovery issue there. How could they possibly raise the claim? You know what – I'm sorry. I interrupted judgment. Can I just ask you, because I'm getting confused now. I thought that you agreed with the district court's conclusion that one can infer that your client filed a proof of loss. Is that a correct or incorrect statement? That is correct. So I just want to take it in baby steps here, because I thought you were saying that your client did not file a proof of loss, but that it doesn't matter because of what the insurance company did. That would be a different argument. Are you making that argument? No. Are you arguing that you did file a proof of loss? There was a proof of loss filed. She called the company and said, my car was totaled. Come take a look at it. Okay, and you're saying that. Okay, good. They're trying – Well, the counsel was trying to argue that because there was no number, shall we say, attached to that proof of loss, like they just randomly paid a dollar amount, and that's just simply not true. They went and they got this report. They reviewed it, and that's the amount of money that they paid. Well, I think one of the arguments is that there can be multiple proofs of loss, and the filing of a complaint can be a proof of loss. Maybe something on a fortune cookie could be a proof of loss. I don't know. But I guess the point he's making is that they didn't know that your client had a dispute. They didn't know that your client was troubled by this until after a complaint was filed. That's absolutely 100% not true. I have the emails to back that up. I personally sent an email directly to the claims adjuster. And is that going to be the case with respect to all the members of the class? No, but it's a little bit different for them because there's a discovery rule there that they had no way of knowing that GEICO was systematically using the wrong formula. They could not have possibly known that until I exposed it and filed this case. I think it's going to be a different issue with respect to those people, but from an appraisal – It's going to be a different issue with respect to the members of the class. The members of the class. And I think, look, appraisal is – It's an issue from your clients. Correct, because my client actually notified him. So how would you have a class action? Well, not every single fact has to be the same, but that's for class certification that we'll have down the road. I believe that from an unfair business practice perspective, okay, they are the victims of an unfair business practice. They had no way to know that GEICO was systematically using the wrong formula. And, in fact, the report that GEICO writes, which they send to their insureds, represents that they follow regulation 64. I didn't know anything about regulation 64 until I read that report, and I said, what is this? And I looked at it and found out what it is and said, wait a second, this says you have to do it this way. And they did it a completely different way, and there is no dispute. Just to focus, we've been talking about a lot of different things, and I'll ask this of your opposing counsel. The distinct question before us today is simply whether the district court erred in not applying the binding arbitration clause, which we call the appraisal clause. Is that really the question that's before us today? I believe so, Your Honor. And that depends on the timeliness or untimeliness of GEICO's invocation of that clause? Is that the only thing that we have to decide? I believe that's correct, Your Honor. And my argument is that probably in excess of a year before the complaint was filed, GEICO was put on notice of the dispute. It said either party may, not must, ask for an appraisal. No, I understand. I understand your arguments why. I'm just trying to narrow. What is the issue for us to decide? I understand why you're arguing it's right or wrong. That's the only issue. And the district court in Milligan 1 recognized the fact and ruled upon the fact that GEICO had been placed on notice. So that's a ruling from GEICO 1 based upon the district court's findings. So the district court originally found that GEICO had not elected within 60 days of the dispute to enter into or ask for an appraisal. Within 60 days of the dispute? When they were made aware of the dispute. They paid the loss. But I thought your argument was that that's not the date from which the 60 days runs. No, they didn't. I thought your point is that the proof of loss must have been filed before they paid out. So this idea that you were later disputing it, I thought your theory is completely immaterial. I agree, but even if you take their argument. Okay, this is simply a backup argument. This is a backup argument. Even if you take their argument, they were made aware of a dispute. Okay, this is just if you lose on your interpretation of the policy. Were they made aware of a dispute as to the amount of loss? Yeah. Is that what this is? No, I specifically. Because you're arguing they were made aware of a dispute as to how the calculation should be made. That's not as to the amount of the loss. Because in fact, depending on how it's worked out, your client could have been overpaid, theoretically, correct? I suppose that's possible. It is. So therefore, you did not raise a dispute as to the amount of loss. We did. I specifically said you did not pay. You said specifically they figured it the wrong way. You didn't say there's a dispute as to the amount. The amount of loss is usually a dollar amount. I did say that, as a matter of fact. I said I think you should be paying. I said you should be paying the sticker price, less for $500 deductible, less 52 cents a mile of 1,000 miles. So I absolutely did say that. I did tell them that I thought that it was the sticker price. So they were aware of that. They were aware of a dispute. They were aware of the money. I mean, a side issue here is Ms. Milligan did a capital cost reduction, which is kind of unusual. It's particularly in New York where she paid down extra money up front to have a lower lease payment. And the problem with that is you potentially put your money at risk. When you do that, there's something in New York called gap coverage. And when you have gap coverage, and every lease has it in New York, when you have gap coverage, if you have a loss and what's paid is less than what you owe, the gap coverage covers the difference. But she put her own money at risk here. So she wasn't so, you know, between GEICO and Lexus, they didn't care. You know, Lexus was only owed $39,000. So when they got paid $46,000, they were ecstatic because they were paid 100 cents on the dollar and lost nothing. They didn't care. All right. Thank you, Mr. Altman. Thank you, Your Honors. We'll now hear from Mr. Goldfein again for three minutes of rebuttal. Thank you, Your Honor. I'd just like to, I believe you have it correct that the July emails, first and foremost, would relate to the legal dispute which this court resolved in Milligan 1 is not subject to appraisal. He did absolutely correctly say that there was an amount. Did Milligan 1, therefore, say that this case has to be decided in court? The whole thing. I mean, the value of the car and the date of the loss has to be decided in court. Or did Milligan 1 say that the court has to decide whether to apply Reg 64 and then there can be an appraisal? I think Milligan 1, to be fair to the district courts here, was not entirely clear. There's a footnote 6 in Milligan 1 that references that they were not resolving the timing issue. He said we're not going to reach it. Not going to reach it. At that point, we need to resolve the legal issue first. But we read it in the context of how we interpret the issues as being, oh, timeliness is still an issue. But I have to be fair to the district courts here that it's not entirely clear from footnote 6 what was done. I will also note on the July emails, the district court did not rely on the July emails to set the time for the start here. So I believe if you're relying on the July emails, you'd be making findings of fact on the first place. But Mr. Goldfein, it seems to me the appraisal clause requires that a demand be made within 60 days after proof of loss is filed. Correct? Correct. And your argument seems to be that the civil complaint was a proof of loss. Correct? Our argument here is focused on the fact that the construct that the district court made to imply that there was a proof of loss because of payment is not correct. And there can be multiple proofs of loss. And to trigger the dispute mechanism in the appraisal clause, there must be a proof of loss. You're out of time unless that proof of loss was right around the time that they filed their civil complaint. Right? I don't agree with that interpretation of the policy. The policy has a- When did you think you demanded appraisal? In this case? Yep. Shortly after the complaint was filed. Okay. And so the proof of loss was filed two months before the complaint was filed. You're out of luck. You're out of luck. Right? A proof of loss that reflected the dispute. So if the court were to find, if the district court were to find that the July communications were not raising the legal issue but raising the factual amount of dispute under the calculation, that would have triggered the start of the clock for Milligan. There's no such thing in C, for Plaintiff C and Christiano. But it would have triggered the start of the clock for Ms. Milligan, Plaintiff Milligan. I'm trying to understand. You told me before, I thought, that a civil complaint can constitute a proof of loss. Could constitute a proof of loss in the context of a- Okay. So this very policy says that a suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed. So how could the civil complaint be a proof of loss if you can't file a civil complaint until 30 days after the proof of loss has been filed? We would be on, for the dispute over the factual amount of the loss, we would be on notice as if it was a proof of loss. We could not, Geico General could not ignore the complaint even though it's premature at that point in time. And Geico General could have gone in and attempted to resolve that dispute for the 30 day period. Okay, so you've said that the complaint is or can be the proof of loss and yet the complaint can't be filed until 30 days after proof of loss has been filed. Again- Doesn't that suggest that the proof of loss can't be the civil complaint? I understand the logic you're saying that, but in a practical term, if the first writing or first notice that Geico gets as to the dispute of the amount of loss is the complaint that's prematurely filed, we would be on notice of the dispute and the if language that sits in the appraisal clause that controls the appraisal clause that's being read out by plaintiffs here would be triggered. And we would be on notice that would create the 60 days that we would have to demand appraisal. Presumably, we would take the 30 days to try to negotiate a resolution. So a proof of loss is whatever you guys want it to be. No, a proof of loss depends on the context. It is the duty of the insured to file a proof of loss. It has to include whatever information you deem reasonable, but you get to decide that at your discretion. No, I don't believe that's what I'm arguing here at all, Your Honor. Well, after payment. Okay. Again, what we're arguing here is that, A, there could be multiple proofs of loss. B, that there has to be a proof of loss within the context of the dispute to give rise to starting the proof of loss clause. Even if you do this, even if we back into this alternate argument that they didn't file a proof of loss initially. I guess I don't even see how you can not read that July 2015 email as not paying a dispute. I mean, he says you've got to do it by sticker, and he even gives you a number. It's like 50,000 whatever. I mean, I don't understand how you wouldn't say in this, again, his alternative argument how that's not a dispute. He gives you an actual number, and he says, I think that you owe us essentially that much. I agree if the district court had made that factual finding that that was a dispute. Well, now we're on summary judgment, right? So the question is whether the record construed in the way most favorable to the non-moving party can only mean one thing. We would be reviewing that de novo. You're saying we should kick that back? If we say the record can only be read in one conceivable way, but we're still going to remand it for the district court to figure out if that is the one conceivable way? A, your honor, I think you're correct with respect to your characterization of it. B, I don't, in fact, believe that the July emails are, in fact, part of the record here. And C, the problem- They're not part of the record, so okay. That's the first time I'm hearing that. On the appeal, I don't think they were attached. What does that mean? Well, as I understand it- Was it before the district court? They were before the district court. I'm not disputing- So what's before the district court is before us. They did not attach any of those exhibits as part of the appendix to this. That doesn't matter. That's just, the appendix is what's convenient for us to read. We reviewed the record. Okay. The record is everything that was properly admitted before the district court. Okay, in that case, I am not disputing- Some people don't even give us an appendix, and we have to call the record up. Okay. I am not disputing- Was it before the district court? Yes, the emails were before the- It was before us. Okay. The problem that Geichel General has is the construct of the appraisal clause where they've implied the proof of loss from the payment. All right. Thank you both.